**UNITED STATES of America,**
**Plaintiff,**

v.

**James H. BARNES, Defendant.**

**Crim. A. No. 7313.**

United States District Court,
E. D. Tennessee,
Northeastern Division.

Aug. 15, 1973.

W. Thomas Dillard, and Carl P. Mc-Donald, Asst. U. S. Attorneys, Knoxville, Tenn., for plaintiff.

Dale M. Quillen, Nashville, Tenn., Ben Hooper, II, Newport, Tenn., John F. Dugger, Morristown, Tenn., for defendant.

## MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

■ The indictment herein charges the defendant with perjury in six counts. 18 U.S.C. § 1621. Each count therein is regarded as if it was a separate indictment. Dunn v. United States (1931), 284 U.S. 390, 393, 52 S.Ct. 189, 190, 76 L.Ed. 356, 358–359 (headnote 4). The defendant moved to dismiss the indictment, claiming that general jury verdicts acquitting him in United States of America, plaintiff, v. James H. Barnes, et al., defendants, criminal action no. 7216, this district and division, collaterally estop the prosecution from again putting him to trial in respect of the same transactions which were previously determined, because of the prohibition against putting him twice in jeopardy, Constitution, Fifth Amendment.

■ Such guaranty protects a person who has been acquitted from having to "run the gauntlet" a second time. Ashe v. Swenson (1970), 397 U.S. 436, 445–446, 90 S.Ct. 1189, 1195–1196, 25 L.Ed. 2d 469, 476–477[6]. " * * * 'Collateral estoppel' * * * means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit. * * *" *Ibid.,* 297 U. S. at 443, 90 S.Ct. at 1194, 25 L. Ed.2d at 475[3]. Thus: " * * * Where a previous judgment of acquittal was based upon a general verdict, * * * this approach [to the application of collateral estoppel in a criminal action] requires a court to 'examine the record of a prior proceeding, taking into account the pleadings, evidence, charge, and other relevant matter, and conclude whether a rational jury could have grounded its verdict upon an issue other than that which the defendant seeks to foreclose from consideration.' * * *" *Ibid.,* 397 U.S. at 444, 90 S.Ct. at 1194, 25 L.Ed.2d 475–476[4].

■ Under this test, Mr. Barnes cannot be tried for perjury as charged in

count two of this indictment. He is charged with having given the following false answers:

\*   \*   \*   \*   \*   \*

Q. "Did you do any work there in that distillery to further it in any way?"

A. "No, sir \* \* \*."

Q. "Had you gone there for the purpose of doing anything to further that operation in any way?"

A. "No, sir \* \* \*."

Q. "Did you, while you were there, do any work to further that operation in any way?"

A. "No, sir."

In the aforementioned previous prosecution of Mr. Barnes, he was charged in count three of the indictment with having worked in an unposted distillery. There was no evidence that the distillery involved was posted in a manner required by law. The Court instructed the jury in connection with such count, *inter alia*: " \* \* \* The word 'work' carries with it the usual connotation of 'exertion, or effort, directed to an end'; it means doing anything in connection with the purpose of the endeavor, or incidental thereto. \* \* \*" A rational jury in the former prosecution could not have grounded its verdict upon any issue other than that Mr. Barnes did no work at the distillery, that he had not gone there for the purpose of doing anything to further the operation in any way, and that, while there, he did no work to further the operation in any way. As to count two of the indictment herein, the motion of the defendant hereby is granted, and as to that count only, he hereby is released from custody.

■ Likewise, under such test, Mr. Barnes cannot be tried for perjury as charged in count four of this indictment. He is charged with having given a false negative answer to the question: " \* \* \* Did you consciously, at any time on the twenty-seventh day of March, 1971, or before that time, aid and abet Mr. Ras McGaha in that operation? \* \* \*" In the aforementioned prosecution of Mr. Barnes, he was charged in count two thereof with having on *or about* March 27, 1971 aided and abetted Mr. McGaha in carrying on the business of a distiller of spirituous liquors without having given bond as required by law. A rational jury in the former prosecution could not have grounded its verdict upon any issue other than that Mr. Barnes had not so aided and abetted Mr. McGaha on *or about* March 27, 1971; and the word, about, as utilized therein included the time reasonably *before* such date. As to count four of the indictment herein, the motion of the defendant hereby is granted, and as to that count only, he hereby is released from custody.

The respective ultimate facts, made the bases of counts one, three, five and six of the indictment herein, do not appear to this Court to have been previously determined. As to such counts one and three, the previous jury must have determined that Mr. Barnes was not in the unlawful possession, custody or control of the illicit distillery, and that he was not in the unlawful possession of tax-unpaid whiskey. Counts one and three refer to allegedly false answers concerning the ownership of such contraband, as opposed to mere possession. There is no merit to the defendant's contentions as to such counts five and six. As to counts one, three, five and six of the indictment, accordingly, the motion of the defendant hereby is

Overruled.